IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-61-D

| | | |
|---|---|---|
| WILLIAM DORSEY VICK, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NASH HOSPITALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On June 18, 2010, William Dorsey Vick, III ("Vick" or "plaintiff") removed a breach-of-contract action that Nash Hospitals, Inc. ("NHI") filed in Nash County Superior Court. When Vick removed the action, he purported to remove the action "into" his pending Title VII action against Nash Health Care Systems ("NHCS"). NHI is a subsidiary of NHCS. On July 1, 2010, NHI and NHCS filed a motion to remand, and argue that this court lacks subject-matter jurisdiction over the removed action [D.E.18]. Vick responds that he properly relied on the supplemental jurisdiction statute, 28 U.S.C. § 1367, and Rule 13(a) of the Federal Rules of Civil Procedure to remove the Nash County action into his pending Title VII action.

As explained below, the supplemental jurisdiction statute and Rule 13(a) are not a source of original jurisdiction, and no alternative source of original jurisdiction exists concerning the Nash County action. Accordingly, because this court lacks subject-matter jurisdiction over the Nash County action, the motion to remand [D.E. 18] is granted, and NHI's action against Vick is remanded to Nash County Superior Court.

I.

On February 19, 2010, Vick filed a complaint in this court against his former employer NHCS, alleging gender discrimination under Title VII and pendent state law claims, including breach-of-contract [D.E. 1]. On May 14, 2010, NHI, a subsidiary of NHCS, filed a breach-of-

contract action in Nash County Superior Court against Vick ("Nash County action") [D.E. 15-1]. The contract at issue in NHI's Nash County action is also at issue in Vick's federal action. In the Nash County action, NHI seeks damages of $3,807.78 plus interest. Vick purported to remove NHI's Nash County action directly into his pending federal action against NHCS [D.E. 15], alleging that the court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the breach-of-contract claim in the Nash County action. On July 1, 2010, NHCS and NHI filed joint alternative motions to strike, remand, or enter default judgment on the removed Nash County action [D.E. 18]. Vick responded in opposition [D.E. 20], and NHCS and NHI replied [D.E. 22].

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008); see, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Removal from state court is proper only if the federal district court has original jurisdiction over the removed action. See 28 U.S.C. § 1441(a); Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). Accordingly, a defendant generally may remove an action only if diversity jurisdiction or federal question jurisdiction exists on the face of the complaint. See 28 U.S.C. § 1441(b). In addition, a defendant may remove an action if the action includes at least one claim within the federal jurisdiction statute (28 U.S.C. § 1331), even if that federal claim is joined with one or more otherwise non-removable claims. See id. § 1441(c).

Vick removed NHI's Nash County action based upon 28 U.S.C. § 1367 and his pending Title VII gender discrimination action. See Notice of Removal 1–2. Supplemental jurisdiction under 28 U.S.C. §1367, however, is distinct from original jurisdiction under either 28 U.S.C. § 1331 or § 1332. See State Farm Mut. Auto. Ins. Co. v. Doe, No. 2:09-0480, 2009 WL 2524749, at *2 (S.D. W. Va. Aug. 17, 2009). Once a district court has original jurisdiction over an action, a district court may exercise supplemental jurisdiction over all other claims that are so related to claims in the action "within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.

2

§ 1367(a). Thus, the supplemental-jurisdiction statute authorizes a federal court to hear state-law claims that, independently, would not satisfy subject matter jurisdictional requirements, provided the overall action contains at least one claim that does satisfy the requirement or original jurisdiction. See id.

Vick ignores that the supplemental jurisdiction statute distinguishes between actions and claims. See In re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995). The statute states:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(a)–(c) (emphasis added). The supplemental jurisdiction statute does not provide supplemental jurisdiction to hear other actions, and does not refer to removal procedures under

3

28 U.S.C. §§ 1441–1453.[1] Simply put, the supplemental jurisdiction statute is not "an independent source of removal jurisdiction." Tabas, 879 F. Supp. at 467; Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 705–06 (8th Cir. 2003). Moreover, whether a pending federal action (such as Vick's Title VII action against NHCS) shares a common nucleus of operative fact with a removed state action (such as NHI's Nash county action) is immaterial. See, e.g., 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3722 (4th ed. 2009). Rather, a removing defendant must show that the removed action contains a claim over which the federal court has original jurisdiction. See 28 U.S.C. § 1441(a). "An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action," even if such a removal would be an efficient result. Tabas, 879 F. Supp. at 467; see Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996).

In opposition to this conclusion, Vick argues that NHCS or NHI should have filed the breach-of-contract contained in the Nash County action as a compulsory counterclaim in Vick's Title VII action because it "arise[s] out of the transaction or occurrence that is the subject matter of the [Title VII] claim." Fed. R. Civ. P. 13(a). However, Rule 13(a) does not create original jurisdiction. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 370 (1978) (the Federal Rules of Civil Procedure "do not create or withdraw federal jurisdiction"); Brickwood Contractors, Inc. v. Datanet Eng'g Inc., 369 F.3d 385, 392 (4th Cir. 2004) (same); Fed. R. Civ. P. 82. Furthermore, if Vick suggests that removal avoids having this court enjoin NHI's Nash County action given that he filed his federal action before NHI filed the Nash County action and that NHI's claim is a compulsory counterclaim under Rule 13(a), the court disagrees. Congress has forbidden federal courts from enjoining state-court actions unless "expressly authorized by an Act of Congress, necessary in aid of the federal court's jurisdiction, or to protect or effectuate a federal court's judgments." 28 U.S.C.

---

[1] The Federal Rules of Civil Procedure do not contemplate the removal of a claim, as distinct from an action. See Fed. R. Civ. P. 81(c).

§ 2283. Rule 13(a) does not meet the act of Congress exception in 28 U.S.C. § 2283. See, e.g., Conn. Hous. Fin. Auth. v. Eno Farms Ltd. P'ship, No. 3:07cv319, 2007 WL 1670130, at * 3 n.2 (D. Conn. June 6, 2007); Reines Distribs., Inc. v. Admiral Corp., 182 F. Supp. 226, 230 (S.D.N.Y. 1960). Indeed, this court has found no case construing Rule 13(a) to empower federal courts to restrain state court proceedings, even when those proceedings contain a claim that arguably should have been brought in a federal action as a compulsory counterclaim. See Nolen v. Hammet Co., 56 F.R.D. 361, 362 (D.S.C. 1972); Potter v. Carvel Stores of N.Y., Inc., 203 F. Supp. 462, 465–66 (D. Md. 1962), aff'd, 314 F.2d 45 (4th Cir. 1963). Instead, the result appears to be a race to judgment as to the disputed claim, with the first judgment having preclusive effect as to the disputed claim. See Nolen, 56 F.R.D. at 362. Of course, a state court is "free to . . . grant a stay [as to the disputed claim] on the basis of comity." Reines Distribs., Inc., 182 F. Supp. at 230.

Here, original jurisdiction does not exist as to the Nash County action. Cf. 28 U.S.C. § 1441(a). In order for diversity jurisdiction to exist, the parties must be diverse and the amount in controversy must exceed $75,000, exclusive of interest and costs. See id. § 1332(a). Both Vick and NHI, however, are citizens of North Carolina. See Compl. 2; Answer 2; Nash County Compl. 2. Furthermore, NHI seeks an amount in the Nash County action significantly below $75,000. See Nash County Compl. 3. Therefore, diversity jurisdiction is lacking. As for federal-question jurisdiction, 28 U.S.C. § 1331 requires that the civil action arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In analyzing whether federal-question jurisdiction exists, a court examines the face of the plaintiff's well-pleaded complaint. See, e.g., In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006). NHI's well-pleaded complaint involves one claim under North Carolina law for an alleged breach of an employment contract. Therefore, no federal-question jurisdiction exists. Because the civil action that NHI brought in Nash County Superior Court is not a civil action over which this court has original jurisdiction, the action must be remanded.

5

II.

Accordingly, the motion to remand [D.E. 18] is GRANTED, and NHI's action against Vick is REMANDED to Nash County Superior Court.

SO ORDERED. This 26 day of October 2010.

JAMES C. DEVER III
United States District Judge

6